## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAVIER COLLAZO, | No. 4:20-CV-00083 |
| Plaintiff, | (Judge Brann) |
| v. | |
| CAPTAIN MILLER, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### DECEMBER 29, 2020

Plaintiff Javier Collazo, a prisoner presently confined at the United States Penitentiary at Allenwood in White Deer, Pennsylvania filed a complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*[1] against Defendants. Plaintiff asserts an Eighth Amendment excessive force claim alleging that the Defendant correctional officers entered his cell without provocation and assaulted him.[2] Presently before the Court is Defendant Captain Miller's motion for summary judgment;[3] this motion is unopposed and ripe for adjudication.[4] For the reasons that follow, the Court will grant the motion for summary judgment and dismiss the unserved Defendants.

---

[1]   403 U.S. 388 (1971).
[2]   Doc. 1.
[3]   Defendants S.O. J. Pozza and "Use of Force Team" have not been served. As explained *infra*, the Court will dismiss these parties pursuant to 28 § 1915(e)(2)(B) for failure to state a claim for essentially the same reason it enters judgment in favor of Defendant Miller.
[4]   Doc. 19 (motion).

## I.      FACTUAL BACKGROUND

The Federal Bureau of Prisons has established a three-tiered system whereby a federal prisoner may seek formal review of any aspect of his imprisonment.[5]  First, "an inmate shall . . . present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy."[6]  Second, if an inmate is unable to informally resolve his complaint, he may file "a formal written Administrative Remedy Request, on the appropriate form (BP-9), [within] 20 calendar days following the date on which the basis for the Request occurred."[7]  The warden then has twenty days to respond to the inmate's written Administrative Remedy Request.[8]

An inmate who is not satisfied with the warden's response may submit an appeal on the appropriate form, BP-10, to the appropriate Regional Director within twenty calendar days of the date the Warden signed the [BP-9] response."[9]  "An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days from the date of the Regional Director signed the response."[10]  The regional director then has thirty days to respond and the general counsel has forty days to

---

[5]    Doc. 20 at 2.
[6]    *Id.*
[7]    *Id.*
[8]    *Id.*
[9]    *Id.* at 2-3.
[10]   *Id.* at 3.

respond.[11]   No administrative remedy appeal is considered fully exhausted until reviewed by the BOP's Central Office.[12]

In the ordinary course of business, the BOP maintains computerized indices of all administrative appeals filed by inmates so that it can rapidly verify whether an inmate has exhausted administrative remedies on a particular issue.[13]

Since his incarceration with the BOP, Plaintiff has filed four administrative remedies; however, he has never appealed any of them to the BOP's Central Office.[14] Plaintiff has also never filed an administrative tort claim.[15]

## II.   Standard of Review

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law.[16]   A disputed fact is material when it could affect the outcome of the suit under the governing substantive law.[17]   A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[18]   The Court should view the facts in the light most favorable to the non-

---

[11]   *Id.*
[12]   Doc. 20-1 at 2.
[13]   *Id.*
[14]   Doc. 20 at 3
[15]   Doc. 20-1 at 2.
[16]   Fed. R. Civ. P. 56(c).
[17]   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[18]   *Id.* at 250.

moving party and make all reasonable inferences in that party's favor.[19]  When the non-moving party fails to refute or oppose a fact, it may be deemed admitted.[20]

Initially, the moving party must show the absence of a genuine issue concerning any material fact.[21]  Once the moving party has satisfied its burden, the non-moving party, "must present affirmative evidence in order to defeat a properly supported motion for summary judgment."[22]  "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla."[23]  "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c)," a court may grant summary judgment or consider the fact undisputed for purposes of the motion.[24]

If the court determines that "the record taken as a whole could not lead a rational trier or fact to find for the non-moving party, there is no 'genuine issue for trial.'"[25]  Rule 56 mandates the entry of summary judgment against the party who

---

[19]   *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).
[20]   *See* Fed. R. Civ. P. 56(e)(2); Local R. 56.1 ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.").
[21]   *See Celotex Corp. v. Carrett*, 477 U.S. 317, 323 (1986).
[22]   *Anderson*, 477 U.S. at 257.
[23]   *Hugh*, 418 F.3d at 267 (citing *Anderson*, 477 U.S. at 251).
[24]   Fed. R. Civ. P. 56(e)(2)-(3).
[25]   *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.[26]

Here, Plaintiff has failed to oppose the motion or refute the facts asserted in Defendant's statement of facts.  Pursuant to Federal Rule of Civil Procedure 56(e),[27] the Court has reviewed the statement of facts as well as each fact's citation to the record and will consider each fact undisputed.[28]  A thorough and comprehensive review of the record makes clear that no material fact is in dispute as to the dispositive issue in this case.  As such, summary judgment is appropriate in this matter.[29]

## III.   DISCUSSION

Defendant Miller argues, *inter alia*, that Plaintiff has failed to exhaust his administrative remedies, which bars his Eighth Amendment excessive force claim. A review of the record demonstrates that Plaintiff failed to exhaust any grievance filed during his time incarcerated with the BOP.

Section 1997e(a) provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

---

[26]   *Celotex Corp.*, 477 U.S. at 322.

[27]   *See* Fed. R. Civ. P. 56(e)(1).

[28]   *See* Fed. R. Civ. P. 56(e)(2).

[29]   *See* Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it.").

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Exhaustion, as a precondition for bringing suit, is a "'threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time.'"[30]  "[T]he . . . exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."[31]  A prisoner must exhaust all available administrative remedies even where the relief sought, such as monetary damages, cannot be granted through the administrative process, as long as the grievance tribunal has authority to take some responsive action.[32]

The applicable procedural rules for properly exhausting administrative remedies "are defined not by [§ 1997e(a)], but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by [§ 1997e(a)] to 'properly exhaust.'"[33]  The burden of proving non-exhaustion lies with the defendants asserting the defense.[34]  A court evaluating the "threshold" issue of exhaustion looks at whether the inmate "compli[ed] with the prison's specific grievance procedures" and whether those procedures were available to the inmate.[35]

---

[30]  *Small v. Camden County*, 728 F.3d 265, 270 (3d Cir. 2013).
[31]  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).
[32]  *Booth*, 532 U.S. at 741.
[33]  *Jones v. Bock*, 549 U.S. 199, 218 (2007).  *See Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010) ("[W]hether a prisoner properly exhausted a claim is made by evaluating compliance with the prison's specific grievance procedures.").
[34]  *Jones*, 549 U.S. at 212, 216–17.
[35]  *Rinaldi v United States*, 904 F.3d 257, 265 (3d Cir. 2018) (quoting *Drippe*, 604 F.3d at 781, and *Small*, 728 F.3d at 269-71).

The BOP's Administrative Remedy Program is a multi-tier process that allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."[36]  The inmate first must attempt to informally resolve his issue with the institutional staff.[37]  If informal resolution fails or is waived, the inmate then may submit a formal Administrative Remedy Request on the appropriate BP–9 form within twenty calendar days following the date for which the basis for the request occurred.[38]  If the inmate is unsatisfied with the warden's response to his Administrative Remedy Request, he may submit an appeal on the BP–10 form to the appropriate Regional Director within twenty calendar days of the date the warden signed the response.[39]  An inmate who is not satisfied with the Regional Director's response may appeal to the General Counsel on the appropriate BP–11 form within thirty calendar days of the date the Regional Director signed the response.[40]  An inmate's appeal to the General Counsel is the final administrative appeal.[41]  Thus, to satisfy the PLRA's exhaustion requirement, a federal inmate must complete each step of the BOP's administrative remedy process, which is not considered complete until an inmate's final appeal is considered by the Central Office.[42]

---

[36]   28 C.F.R. § 542.10.

[37]   *See id.* § 542.13(a).

[38]   *See id.* § 542.14(a).

[39]   *See id.* § 542.15(a).

[40]   *See id.*

[41]   *See id.*

[42]   *See* 28 C.F.R. §§ 542.14-542.15; *Rinaldi*, 904 F.3d at 265; *Schreane v. Marr*, 722 F. App'x 160, 164 (3d Cir. 2018).

In Defendant's statement of facts, which Plaintiff does not dispute, it is clear that while he was incarcerated with the BOP, Plaintiff failed to exhaust any of his four filed grievances to the Central Office level; these grievances thus remain unexhausted.  This does not end the Court's inquiry, however, as it must also consider whether the applicable administrative remedies were "available" to Plaintiff for his unexhausted claim.

In *Ross v. Blake*,[43] the Supreme Court of the United States most recently outlined the three instances in which remedies would not be "available" such that exhaustion may be excused: (1) when an administrative procedure "operates as a simple dead end with officers unable or consistently unwilling to provide relief to aggrieved inmates;" (2) where the administrative remedies are so unclear that "no ordinary prisoner can make sense of what it demands;" and (3) where prison officials "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."[44]

Here, as Plaintiff has failed to oppose the motion at all, Plaintiff makes no argument that he falls under one of these three categories, nor would they appear to apply to the undisputed facts presented in the motion.  Indeed, Plaintiff did utilize the grievance process; he simply failed to complete the last step.  There is simply no fact or reasonable inference the Court can make that would support a conclusion that

---

[43]   136 S. Ct. 1850 (2016).
[44]   *Id.* at 1859-60.  *See also Rinaldi*, 904 F.3d at 266-67.

the grievance procedure was unavailable to Plaintiff while he was incarcerated at FCI Schuylkill.

"[O]nce the defendant has established that the inmate failed to resort to administrative remedies, the onus falls on the inmate to show that such remedies were unavailable to him."[45]  Plaintiff has failed to establish that such remedies were unavailable to him; indeed, he has not opposed the motion for summary judgment at all.  Accordingly, this Court finds that as a matter of law, Plaintiff failed to exhaust the administrative remedies that were available to him, as he is required to do by § 1997e(a) prior to filing suit as to the Eighth Amendment excessive force claim, and will grant Defendant Miller's motion for summary judgment as to that issue.

Although in some instances it is appropriate for a court to enter summary judgment *sua sponte* in favor of parties for whom judgment in their favor is proper but for whatever reason have failed to join in the motion,[46] the Court declines to do so here because the remaining defendants have not been served.[47]   Under §

---

[45]   *Rinaldi*, 904 F.3d at 268.

[46]   *See Celetex*, 477 U.S. 317, 326 ("Our conclusion is bolstered by the fact that district courts are widely acknowledged to possess the power to enter summary judgment *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence."); *Gibson v. Mayor & Council of City of Wilmington*, 355 F.3d 215, 223-24 (3d Cir. 2004) (upholding district court's grant of *sua sponte* summary judgment and concluding that such an action is appropriate and in conformance with circuit precedent when the record is fully developed, prejudice is lacking, and the issue is purely legal).  *See also Chambers Dev. Co. v. Passaic County Utilities Auth.*, 62 F.3d 582, 584 n.4 (3d Cir. 1995) ("[A]uthority has developed to allow a court to grant summary judgment to a non-moving party.").

[47]   It appears that these defendants have not been served because Plaintiff has failed to provide an updated address for Defendant Pozza, who is no longer employed by the BOP, and because Plaintiff has failed to ascertain the identities of the "Use of Force Team."

1915(e)(2)(B) of the Prisoner Litigation Reform Act, however, the Court has an obligation to dismiss a complaint "at any time the court determines" the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from suit.[48]  That section applies to this action because Plaintiff is a prisoner proceeding *in forma pauperis*.[49]

In determining whether a prisoner's complaint states a claim under § 1915(e)(2)(B), the Court is guided by the Rule 12(b)(6) motion to dismiss standard. Under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[50]

While a complaint need only contain "a short and plain statement of the claim,"[51] and detailed factual allegations are not required, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."[52]   "The

---

[48]  28 U.S.C. § 1915(e)(2)(B).  *See, e.g.*, *Brown v. Sage*, 941 F.3d 655, 659 (3d Cir. 2019) (en banc) (noting that under the PLRA the district court shall at any time dismiss any case which, *inter alia*, fails to state a claim upon which relief may be granted); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.6 (9th Cir. 2000); *Bower v. Rey*, 2016 WL 7324526 (M.D. Pa. Dec. 16, 2016); *Bracey v. Pa. Dep't of Corrs.*, 2012 WL 1825828 (W.D. Pa. May 18, 2012) ("The Court's obligation to dismiss a complaint under the PLRA screening provisions is not excused even after defendants have filed a motion to dismiss.").

[49]  *See* 28 U.S.C. § 1915(e)(2).

[50]  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).

[51]  Fed. R. Civ. P. 8(a)(2).

[52]  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."[53]

In deciding a motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."[54]  "However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'"[55]  The Court may also consider an "undisputedly authentic document" proffered by the defendants if the plaintiff's claims are based on it.[56]

The Court finds that it is appropriate to consider the BOP records demonstrating that Plaintiff has failed to exhaust his administrative remedies as they are undisputedly authentic government records and are integral to Plaintiff's claims in the complaint; without exhaustion, Plaintiff is precluded from bringing his claims. Plaintiff has not refuted these documents or otherwise opposed the motion for summary judgment.  It is patently clear that Plaintiff has failed to exhaust any of his administrative remedies filed with the BOP, and he has failed to provide any

---

[53]  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

[54]  *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *see also Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

[55]  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996), superseded on other grounds by PSLRA, 15 U.S.C. § 78u–4(b)(2)).

[56]  *In re Donald J. Trump Sec. Litig.-Taj Mahal Litig.*, 7 F.3d 357, 368 n.9 (3d Cir. 2000) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.") (quoting *Pension Benefit*, 998 F.2d at 1196).

explanation to excuse those failures.  As such, Plaintiff is precluded from stating an Eighth Amendment excessive force claim against unserved Defendants Pozza and the "Use of Force Team," and such a claim must be dismissed against these defendants.

Generally, "plaintiffs who file complaints subject to dismissal . . . should receive leave to amend unless amendment would be inequitable or futile."[57]  The Court will deny amendment as futile, because no amount of repleading or amendment could overcome Plaintiff's failure to exhaust his administrative remedies as to his claims against the unserved Defendants.

## IV.    CONCLUSION

Based on the foregoing, the Court will grant the motion for summary judgment as to Defendant Miller and dismiss with prejudice the claims against Defendants Pozza and the "Use of Force Team."  An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[57]    *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).